IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

RONALD VATEDRO WEATHERLY,   *
#223 267
    Plaintiff,   *

    v.   *   2:11-CV-87-TMH
        (WO)

MONTGOMERY CITY COMMISSION, *et al.*,*

    Defendants.   *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 4, 2011, Plaintiff, an inmate currently incarcerated at the Childersburg Work Release Center in Childersburg, Alabama, initiated this 42 U.S.C. § 1983 action. Plaintiff complains that on September 23, 2009 he was subjected to an illegal vehicle stop and search and to excessive force following his arrest. Plaintiff names as defendants the Montgomery City Commission, the Montgomery City Police Department, and Officer J.L. Williams. He requests trial by jury and seeks monetary damages. Upon review of the complaint, the court concludes that Plaintiff's complaint against some of the named defendants is due to be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The instant complaint is subject to screening under the provisions of 28 U.S.C. § 1915(e)(2)(B). This statute requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**I. DISCUSSION**

On September 23, 2009 Plaintiff claims that Defendant Williams stopped his vehicle for a minor traffic violation as a pretext for conducting a search of his vehicle for drugs. After he was handcuffed, Plaintiff alleges that Defendant Williams and his "co-officer" brutally beat him. (*Doc. No. 1*.)

*A. Montgomery City Police Department*

The Montgomery City Police Department is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims against this defendant should be dismissed. *Id.*

*B. Montgomery City Commission*[2]

Plaintiff names the Montgomery City Commission as a defendant to this action. In deciding whether a county and/or its commissioners is liable under § 1983, "[a] court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.'" *McMillian v. Monroe County*, 520 U.S. 781, 784-785 (1997) (quoting *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737 (1989)). Further "[f]or § 1983 liability to attach to a county [and/or its commission], the

---

[2] Although Plaintiff lists the Montgomery City Commission as the defendant, the court notes that the City of Montgomery has city council members but no city commissioners. For purposes of this Recommendation, the court understands Plaintiff's reference to the Montgomery City Commission to be, in essence, a claim against the Montgomery County Commission.

policy at issue must have been made by a person who exercises final authority on behalf of the county with respect to that policy. *See McMillian*, 520 U.S. at [784-785], 117 S.Ct. at 1736. Governmental entities and/or actors, such as Montgomery County or the Montgomery City Commission, cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior* or simply because it employs a tortfeasor. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691-92, 694 (1978). Instead, such entities and/or actors may be held liable only for the execution of a governmental policy or custom. *Id.; see also Canton v. Harris,* 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." (emphasis in original)). It is well-settled that an entity can be held monetarily liable only through " 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers,' " or " 'for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking body.' " *City of St. Louis v. Praprotnik,* 485 U.S. 112, 121 (1988) (quoting *Monell,* 436 U.S. at 690-91).

In light of the foregoing, the court concludes that the Montgomery City Commission is not liable under § 1983 for the actions about which Plaintiff complains. The claims against this defendant are, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that;

1. Plaintiff's complaint against the Montgomery City Police Department and the Montgomery City Commission be DISMISSED with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Defendants Montgomery City Police Department and the Montgomery City Commission be DISMISSED as parties to the complaint;

3. This case with respect to the remaining defendant be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **March 25, 2011** the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of March, 2011.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE